**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**ANDREW WASSERMAN,**

      **Plaintiff,**

**v.**                                **CASE NO.:**

**MILJANOVIC TRUCKING, INC.**
**and MILJANOVIC CORP.,**

      **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANDREW WASSERMAN, by and through undersigned counsel, brings this action against Defendants, MILJANOVIC TRUCKING, INC. and MILJANOVIC CORP. ("Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

3. Venue is proper in Southern District of Florida because Defendants operate throughout Florida, including in Broward County, Florida, where Plaintiff resides.

## PARTIES

4. Plaintiff is a resident of Broward County, Florida.

5.      Defendants operate a company throughout Florida, including in Broward County, Florida.

## GENERAL ALLEGATIONS

6.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

7.      At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

8.      At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9.      Defendants continue to be an "employer" within the meaning of the FLSA.

10.      At all times material hereto, Defendants were and continue to be enterprises engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

11.      At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

12.      At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

13.      At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendants.

14.      Plaintiff was not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or

terminate any other employee of Defendants and had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

15. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

16. Plaintiff has satisfied all conditions precedent, or they have been waived.

17. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

18. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

19. Plaintiff began working for Defendants on or around November 21, 2021 as a driver, and he worked in this capacity until on or around March 28, 2023.

### **Minimum Wage**

20. Defendants failed to compensate Plaintiff for the final week that Plaintiff was employed by Defendants.

21. Defendants violated federal minimum wage laws by failing to compensate Plaintiff for this last week that Plaintiff was employed by Defendants.

22. At all times material hereto, Plaintiff worked hours at the direction of Defendants and was not paid at least the applicable federal minimum wage for all of the hours that she worked, in accordance with the FLSA.

23. Defendants, as employers subject to the FLSA, failed to pay Plaintiff the statutorily mandated minimum wage of seven dollars and twenty-five cents ($7.25) per hour that he worked for Defendants, as required by the FLSA.

24. Specifically, Plaintiff typically worked for roughly eighty-four (84) hours per week.

3

25.     Accordingly, Plaintiff was entitled to, at least, six-hundred and nine dollars ($609.00) for this final week that he was employed by Defendants.

26.     Defendants' failure to comply with the FLSA constitute a willful violation, showing reckless disregard for the provisions of the FLSA.

### Unpaid Wages

27.     In addition to minimum wage violations for the final week that Plaintiff worked for Defendants, Plaintiff also has unpaid wages for this final week of work.

28.     Specifically, in exchange for Plaintiff's services, Defendants agreed to pay Plaintiff sixty-five cents ($0.65) per mile that Plaintiff drives for Defendants.

29.     Based on Plaintiff's typical weekly mileage, Plaintiff generally earned, at least, two-thousand dollars ($2,000.00) per week.

30.     Accordingly, Plaintiff should have been paid, at least, an additional one-thousand three-hundred and ninety-one dollars ($1,391.00) for this final week of work.[1]

31.     In addition to unpaid wages for this final week that Plaintiff worked for Defendants, throughout Plaintiff's employment, Defendants failed to compensate Plaintiff for the entirety of the mileage that Plaintiff drove for Defendants

32.     Specifically, during the duration of Plaintiff's employment, Defendants routinely and wrongfully deducted Plaintiff's mileage.

---

[1] This one-thousand three-hundred and ninety-one dollar ($1,391.00) figure is reached by taking Plaintiff's typical weekly earnings of, at least, two-thousand dollars ($2,000.00) and subtracting the unpaid minimum wages of six-hundred and nine dollars ($609.00), because these unpaid minimum wages have already been accounted for through Plaintiff's FLSA claim.

33.     To be precise, Defendants regularly deducted roughly fifteen (15) to twenty (20) percent of the mileage that Plaintiff drove for Defendants.

34.     Plaintiff's unpaid, roughly fifteen (15) to twenty (20) percent of his mileage throughout the entirety of his employment with Defendants, as well as Plaintiff's unpaid mileage of, at least, one-thousand three-hundred and ninety-one dollars ($1,391.00) for Plaintiff's last week of employment with Defendant, constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

35.     Defendants' failure to comply with Florida Common Law regarding unpaid wages constitutes a willful violation, showing reckless disregard for Florida law.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

36.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

37.     During the statutory period, Plaintiff worked for Defendants, and was not paid a minimum wage for the hours that he worked, as mandated by the FLSA.

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39.     As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)      Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b)      Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

c)      An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d)      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES
## UNDER FLORIDA COMMON LAW

40.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 16 through 20, and 27 trough 35 of this Complaint, as though fully set forth herein.

41.    During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

42.    Defendants failed to pay Plaintiff all "wages" owed to Plaintiff, including unpaid mileage throughout Plaintiff's employment and unpaid wages for the last week that Plaintiff was employed by Defendants.

43.    As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

6

b) That process issue, and that this Court take jurisdiction over the case;

c) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08; and

e) For such further relief as this Court deems just.


## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of February, 2025.

Respectfully submitted,

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com

7